ORIGINAL 

| | |
|---|---|
| 1 | LEONARDO M. RAPADAS<br>United States Attorney |
| 2 | KARON V. JOHNSON<br>Assistant U.S. Attorney |
| 3 | Suite 500, Sirena Plaza<br>108 Hernan Cortez Avenue |
| 4 | Agana, Guam 96910<br>Telephone: (671) 472-7332/7283 |
| 5 | Telecopier: (671) 472-7334 |

FILED
DISTRICT COURT OF GUAM
FEB -3 2006
MARY L.M. MORAN
CLERK OF COURT

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 05-00088 |
|---|---|
| Plaintiff, | ) **GOVERNMENT'S MOTION TO** |
| | ) **CORRECT PLEA AGREEMENT** |
| vs. | ) |
| JOSEPHINE C. GALOPE, | ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through undersigned counsel, and respectfully moves this Honorable Court to correct a mistyped fact in its plea agreement. The correction is on page 3, line 15, of the plea agreement which should read "five (5) years" instead of "three (3) years". The government is attaching a corrected page 3 of the plea agreement reflecting this correction.

Respectfully submitted this 3rd day of February, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney

3. The defendant, JOSEPHINE C. GALOPE, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, her knowledge of or involvement in the trafficking of controlled substances and her knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether she has been fully truthful.

4(a) The defendant, JOSEPHINE C. GALOPE, understands that the <u>maximum</u> sentence for Importation of more than 50 grams net weight of methamphetamine hydrochloride (ice) is a term of life imprisonment, with a mandatory minimum term of ten (10) years incarceration, a $4,000,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of at least five (5) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional five (5) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

4(b) If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the statutory minimum or the minimum term of incarceration recommended by the Sentencing Guidelines, whichever is greater.

4(c) If the United States believes the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, § 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant or may, within one year after sentencing herein, move the court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Defendant further

-3-